IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
JOHN WILLIAMS,                  )
                                )
     Plaintiff,                 )
                                )       CIVIL ACTION NO.
     v.                         )         2:20cv471-MHT
                                )              (WO)
CHARTER COMMUNICATIONS,         )
INC. and ENHANCED RECOVERY      )
COMPANY, LLC,                   )
                                )
     Defendants.                )
```

OPINION AND ORDER

The question presented is whether this federal court has removal jurisdiction based on 'complete preemption' under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*  For the reasons that follow, the court concludes that it does not and that, therefore, the plaintiff's motion to remand should be granted.

Plaintiff John Williams initially filed this lawsuit in state court.  He brought claims for defamation and libel, asserting that defendants Charter Communications, Inc. and Enhanced Recovery Company,

LLC, had falsely notified consumer reporting agencies that he had a delinquent account and had harmed his credit.

Enhanced Recovery, with the consent of Charter Communications, filed a notice of removal to federal court based on federal-question jurisdiction. Williams responded with a motion to remand.

While Enhanced Recovery acknowledges that Williams did not bring any federal claims on the face of his complaint, it contends that this court has removal jurisdiction based on federal-question jurisdiction under 28 U.S.C. § 1331 because Williams's state claims are 'completely preempted' by FCRA. In light of the fact that Enhanced Recovery relied on a theory of complete preemption to remove this case, the question now before the court is whether FCRA supports this theory. As stated, the court concludes that it does not.

In general, any civil action brought in state court may be removed by a defendant to federal court if it

could have been brought in federal court in the first instance.  *See* 28 U.S.C. § 1441(a).  The party seeking removal has the burden of establishing jurisdiction.  *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  And, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts [should] construe removal statutes strictly.  Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citation omitted).

Federal-question jurisdiction exists when the civil action arises under the Constitution, laws, treaties of the United States.  *See* 28 U.S.C. § 1331.  Whether federal-question jurisdiction applies is generally governed by the "well-pleaded complaint" rule, which provides that a case arises under federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon those laws."

3

*Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908).

However, there is an "independent corollary" to this rule known as the "complete preemption" doctrine. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Under this doctrine, a complaint that includes no federal-law claims on its face may nevertheless provide federal-question jurisdiction if it "raise[s] a select type of claim that has been singled out by Congress for federal preemption."  *Pruitt v. Carpenters' Local Union No. 225*, 893 F.2d 1216, 1218 (11th Cir. 1990) (citation omitted).  This doctrine requires that the preemptive force of the statute be "so 'extraordinary' that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule."  *Blab T.V. of Mobile, Inc. v. Comcast Cable Comm'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999) (citation omitted).

The Eleventh Circuit Court of Appeals has interpreted complete preemption narrowly and has

4

cautioned that it should not be confused with the "broader and more familiar doctrine of ordinary preemption." *Id.* at 854. Ordinary preemption "operates to dismiss state claims on the merits and may be invoked in either federal or state court," while complete preemption "functions as a narrowly drawn means of assessing federal removal jurisdiction." *Id.* at 854-55. A federal statute may preempt state causes of action in ordinary terms without necessarily conferring federal-question jurisdiction through complete preemption. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1313 (11th Cir. 2001) ("[O]ur conclusion that the complete preemption doctrine does not provide a basis for federal jurisdiction in this action does not preclude the parties from litigating about the preemptive effect, if any, of the FCC's orders or the Communications Act [47 U.S.C. § 151, *et seq.*] in any subsequent state court action.").

Whether there is ordinary preemption in this case is a close question. *See Hamilton v. Midland Funding,*

5

*LLC.*, 2015 WL 5084234, at *6 (N.D. Ala. Aug. 27, 2015) (Kallon, J.) ("FCRA preemption of state law torts is an area of little agreement among this district's judges."). However, it is not a question this court need reach, because it is clear that FCRA does not exert the 'extraordinary' level of preemptive force necessary for this court to have removal jurisdiction.

The Eleventh Circuit has observed that the complete preemption doctrine is limited in its application and has cautioned that courts should hesitate to extend it to new areas of law. *See Blab T.V.*, 182 F.3d at 856 ("These cases reveal that, although the Supreme Court recognizes the existence of the complete preemption doctrine, the Court does so hesitatingly and displays no enthusiasm to extend the doctrine into areas of law beyond the LMRA [Labor Management Relations Act of 1948, 29 U.S.C. § 185] and ERISA [Employee Retirement Income Security Act, 29 U.S.C. § 1132]."). In determining whether complete preemption exists, the most important factor for a court to consider is

6

Congress's intent.  *Id*. at 857.  Courts must determine whether Congress, in fashioning the law, meant to "grant a defendant the ability to remove the adjudication of the cause of action to a federal court by transforming the state cause of action into a federal one."  *Id*. (brackets, internal quotation marks, and citation omitted).

Here, the defendants have not shown, and this court's review has not found, any indication that Congress intended FCRA to completely preempt state law so as to grant removal jurisdiction.  Nearly every district court that has addressed this question has come to the same conclusion.  *See, e.g.*, *Watkins v. Trans Union, LLC*, 118 F. Supp. 2d 1217 (N.D. Ala. 2000) (Acker, J.); *Swecker v. Trans Union Corp.*, 31 F. Supp. 2d 536 (E.D. Va. 1998) (Brinkema, J.); *Sherron v. Private Issue by Discover, a Div. of Novus Servs., Inc.*, 977 F. Supp. 804 (N.D. Miss. 1997) (Davison, J.);

*Harper v. TRW, Inc.*, 881 F. Supp. 294 (E.D. Mich. 1995) (Rosen, J.).[1]

Indeed, the jurisdictional language of the statute indicates that Congress did not craft FCRA to preempt completely all state claims. While completely preemptive statutes such as LMRA or ERISA grant exclusive federal jurisdiction, the jurisdictional grant under FCRA allows for concurrent jurisdiction. *See* 15 U.S.C. § 1681p ("An action to enforce any liability created under this subchapter may be brought in an appropriate United States district court without regard to the amount in controversy, *or in any other court of competent jurisdiction*.") (emphasis added). The Eleventh Circuit has explained that provisions which demonstrate a "broad policy of preserving state authority except in areas in which the exercise of this

---

1. In the two cases in which district courts found complete preemption under FCRA, *Crump v. Bank of Am.*, 2016 WL 4926425 (D.N.J. Sept. 14, 2016) (Hillman, J.); *Williams v. Metropolitan Life Ins. Co.*, 1994 WL 529880 (S.D.N.Y. Sept. 28, 1994) (Haight, J.), the discussion of jurisdiction seemed to conflate ordinary and complete preemption.

8

authority would be inconsistent with federal law," such as concurrent jurisdiction provisions, counsel against a finding of complete preemption because "[t]hese provisions contemplate the application of state-law and the exercise of state-court jurisdiction to some degree." *Blab T.V.*, 182 F.3d at 857-58. The grant of concurrent jurisdiction in FCRA suggests that Congress did not intend it to have the same "unique preemptive force" as the LMRA and ERISA, undermining the idea that FCRA should be read as completely preemptive. *Id*. at 858; *see also Harper*, 881 F. Supp. at 299 (holding that FCRA's grant of concurrent jurisdiction "weighs heavily *against* preemption").

The two FCRA preemption sections are also narrowly drawn. Section 1681h(e) creates an exception to its preemptive effect for state law claims where malice or willful intent to injure the consumer is involved. *See* 15 U.S.C. § 1681h(e) ("[N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the

9

reporting of information ... *except as to false information furnished with malice or willful intent to injure such consumer.*") (emphasis added). Section 1681t(b)(1)(F) is more expansive, preempting any "requirement or prohibition ... imposed under the laws of any State with respect to any subject matter regulated under section 1681s-2." However, it still sets forth only a discrete preemption that "in no way resembles Congress' grant of complete preemption" under completely preemptive statutes. *King v. Retailers Nat. Bank*, 388 F. Supp. 2d 913, 916 (N.D. Ill. 2005) (St. Eve, J.); *see also Watkins*, 118 F. Supp. 2d at 1222.

Nor is there any evidence in the legislative history that Congress intended to make preempted state law claims removable to federal court. *See Watkins*, 118 F. Supp. 2d at 1222; *see also Sherron*, 977 F. Supp. at 808 ("There is nothing in the legislative history or the FCRA itself to establish that Congress intended that state law causes of action ... be removable."). The absence of any mention of what would have been a

10

significant jurisdictional decision is further strong evidence that Congress never meant FCRA to be completely preemptive. *See Blab T.V.*, 182 F.3d at 857 ("We view the absence of such a statement in the legislative history to be a persuasive argument against finding complete preemption.").

Because it is clear that no federal question appears on the face of Williams's complaint, and because FCRA does not completely preempt the state claims for the purposes of removal, this court lacks jurisdiction to hear this case.[2] Enhanced Recovery Company's removal of this action was therefore

---

2. In his motion to remand, Williams raises two separate issues. First, despite the fact that Enhanced Recovery removed based on federal-question jurisdiction, Williams notes that the court lacks diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332 because his state complaint requested only $ 20,000 in damages. Because the defendants do not assert diversity jurisdiction, the court need not address this issue. Second, he points out that neither Enhanced Recovery nor Charter Communications is itself a credit reporting agency, nor are his claims based on required disclosures to such agencies. As a result, he argues, FCRA is inapplicable. Whether FRCA is applicable and whether there is ordinary preemption are

improper, and Williams's motion to remand should be granted.

\* \* \*

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff John Williams's motion to remand (doc. no. 4) is granted and that, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Elmore County, Alabama, for want of subject-matter jurisdiction.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

This case is closed in this court.

DONE, this the 10th day of November, 2020.

                               ___/s/ Myron H. Thompson___
                               UNITED STATES DISTRICT JUDGE

---

issues left for resolution by the state court after remand.